Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
Armen Margarian, SBN 313775
armen@margarianlaw.com
Shushanik Margarian, SBN 318617
shushanik@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number:   (818) 553-1000
Facsimile Number:   (818) 553-1005

Attorneys for Plaintiff,
HAYK BEZIRGANYAN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYK BEZIRGANYAN, as an individual, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC., a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br>(Class Action)<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>1.  Breach of Express Warranty<br><br>2.  Breach of Implied Warranty<br><br>3.  Breach of Warranty (Song-Beverly Consumer Warranty Act), Civil Code § 1790, *et seq.*<br><br>4.  Breach of Warranty (Magnuson-Moss Warranty Act), 15 U. S. C. § 2301 *et seq.*<br><br>5.  Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*<br><br>6.  Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*<br><br>7.  Nuisance<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, HAYK BEZIRGANYAN, as an individual, on behalf of himself, all others similarly situated, and the general public, by and through his attorneys, The Margarian Law Firm, alleges the following against Defendants, BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive, alleges and affirmatively states as follows:

## INTRODUCTION

1. This is a civil action alleging breaches of express and implied warranties pursuant to the Song-Beverly Consumer Warranty Act (Civil Code § 1790, *et seq.*) and the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*), violation of the California Consumer Legal Remedies Act ("CLRA") (Civil Code § 1750, *et seq.*), and violation of the California Unfair Competition Act ("UCL") (Business and Professions Code § 17200, *et seq.*) as well as False Advertisement (Business and Professions Code § 17500, *et seq.*) for Defendant BMW's pattern and practice of fraudulently, unfairly, deceptively, and unlawfully marketing, advertising, promoting, and leasing/selling various vehicles with a defective brake system that generates an extremely loud squealing noise when using the brakes.

2. Plaintiff brings this action on behalf of himself and all other similarly situated persons residing in California and/or the United States who leased and/or purchased vehicles manufactured by Defendant, BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company (hereinafter "Defendant" or "BMW") equipped with a defective brake system that generates an extremely loud squealing noise when using the brakes, described in further detail within this Complaint.

3. As of early 2013, if not before, Defendants designed, manufactured, distributed, marketed, sold, and leased vehicles equipped with the BMW M Carbon Ceramic Brakes which make an extremely loud squealing noise (hereinafter "Subject Brakes").

4. As of 2013, if not before, BMW knew or should have known Subject Brakes are defective because BMW has internal procedures of testing their new vehicles and their equipment for extended periods of time, in various conditions, before mass production and distribution of the vehicles. Additionally, the owners' manuals of the Subject Vehicles state that "due to properties of the materials used, [in BMW M Carbon Ceramic Breaks] braking may be associated with louder function noises, particularly in wet

-2-

conditions, just before the vehicle comes to a stop."

5.   The noise generated by Subject Brakes is above and beyond expectations of an ordinary consumer. As of the time of sending the initial demand letter to BMW regarding the defective brakes and nondisclosure of the issue to consumers on behalf of Plaintiff and all others similarly situated, BMW's website did not contain any disclosures that Subject Brakes make a loud noise that may be annoying to a reasonable person.

6.   Plaintiff was pleased to learn that sometime after the receipt of the initial demand letter by BMW, BMW opted to uploads the owners' manuals of subject vehicles to BMW's official website in a possible effort to inform future purchasers and lessors of subject vehicles of the defective condition.

**PARTIES**

7.   Plaintiff HAYK BEZIRGANYAN (hereinafter "Plaintiff" or "Bezirganyan"), is and was at all times relevant herein an individual residing in Los Angeles County, California. Plaintiff leased, and during pertinent times was in possession of, one of the Subject Vehicles, a 2020 BMW M4 CS Coupe bearing the Vehicle Identification Number WBS3S7C05LFH11766 (hereinafter referred to as "Subject Vehicle"). The Subject Vehicle was manufactured, sold, or otherwise delivered to Plaintiff with the defective brake system at issue in this case and as described herein.

8.   Plaintiff appears in this action on behalf of himself, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in his capacity as a private attorney general.

9.   Defendant, BMW, is a Delaware Limited Liability Company licensed to do, and is doing business throughout the United States, with its principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07677.

10.   BMW transacts business in Los Angeles County, California, and at all relevant times designed, manufactured, promoted, marketed, distributed, and/or leased/sold the Subject Vehicles that are the subject of this Complaint, throughout the United States including California. Defendant BMW has significant contacts with Los Angeles County and the activities complained of herein occurred, in whole or in part, in Los Angeles County.

CLASS ACTION COMPLAINT

11.  Plaintiff is informed and believes and based thereon alleges that Defendants DOES 1 through 100 are corporations or are other business entities or organizations of a nature unknown to Plaintiff.

12.  Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

13.  Plaintiff is informed and believes and based thereon alleges that at all relevant times, each Defendant was a developer, designer, manufacturer, distributor, and lessor/seller of vehicles; was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in interest of some or all of the other Defendants; and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and based thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes BMW and DOES 1 through 100.

14.  At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

15.  Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

16.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises under a federal statute. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

17.    Jurisdiction is also proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: (1) at least one Plaintiff is a citizen of a different state than Defendant; (2) the amount in controversy exceeds $5,0000,000; and (3) there are at least 100 individuals in the putative class that Plaintiff seeks to represent through this action.

18.    This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in California, is present and licensed to conduct business in California, and the events giving rise to this lawsuit occurred in California.

19.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts substantial business in this District, and a substantial part of the acts, conduct, and events alleged herein occurred within California, including the County of Los Angeles.

**FACTUAL ALLEGATIONS**

20.    Plaintiff files this class action on behalf of himself, all others similarly situated, and the general public for damages and/or restitution, as appropriate, for the Class from Defendant BMW of North America, LLC (hereinafter "BMW") for developing, designing, manufacturing, distributing, and selling vehicles with a defective brake system. The models of vehicles with a defective brake system include but are not limited to the following: 2020-2021 BMW M8 Grand Coupe, 2020 BMW M8 Coupe, 2020 BMW M8 Convertible, 2013-2019 BMW M6 Coupe, 2013-2019 BMW M6 Convertible, 2013-2019 BMW M6 Grand Coupe, 2013-2021 BMW M5, 2014-2021 BMW M4 Coupe, 2014-2021 BMW M4 Convertible, 2014-2021 BMW M3, 2014-2019 BMW X5M and 2015-2019 BMW X6M (hereinafter referred to as the "Subject Vehicle(s)" or "Class Vehicle(s)").

21.    Beginning on or before 2013, BMW manufactured, sold, and distributed certain models of vehicles described above that contain a defective brake system that results in a loud squealing noise from the brakes, directly affecting the use and enjoyment of the vehicle.

22. The Class Vehicles contain one or more design and/or manufacturing defects, including but not limited to defects contained in the Class Vehicles' brakes that cause a loud squealing noise when the brakes are applied.

23. Plaintiff is informed and believes and based thereon alleges that BMW acquired its knowledge of the brake noise defect as of 2013, if not before, through sources not available to Class Members, including but not limited to pre-release testing data, early consumer complaints about the brake noise defect, testing conducted in response to those complaints, aggregate data from BMW dealers, including dealer repair orders and high warranty reimbursement rates that can cost in the thousand dollars for each class vehicle, and from other internal sources.

24. BMW has a duty to disclose the brake noise defect and remedy the associated out-of-pocket repair costs to Class Vehicle owners for many reasons including the fact that the defect poses an unreasonable annoyance; because BMW had and has exclusive knowledge or access to material facts about the Class Vehicles and the Subject Brakes that were and are not known or reasonably discoverable by Plaintiffs and Class Members; and because BMW has actively concealed the brake noise defect from its customers.

25. Hundreds, if not thousands, of purchasers and lessees of the Class Vehicles have experienced the brake defect. Complaints posted on the Internet by consumers demonstrate that the defect is widespread. The complaints also indicate BMW's awareness of the defect.

- "Picked up my new M6 a couple of weeks ago with 32miles on it. After taking ownership and at about 100miles, the brakes squeal when coming to a gentle stop in traffic. So I think maybe the brakes have to break in a bit. It continues even now at 350 miles at slow traffic speed stops." (March 17, 2014)

- "Has anyone been able to resolve the issue with the brakes for the M6 series. I have the coupe and like someone else's post here, as soon as I drove off the lot the brakes squealed. I called BMW sales which gave the same party line he was given, new brakes the screeching should stop eventually. I brought the car in six times; brakes still squeal, and I am now at 2500 miles. I took it up the chain to customer service and they still just maintain that this a high-powered brake issue. The screeching brakes prevents me form the top down as it is extremely embarrassing when pulling up to stop lights. This is a huge fault and a huge lemon in my opinion and BMW refuses to do anything about it." (September 15, 2014)

CLASS ACTION COMPLAINT

- "Brake squeal developed on my new M6 coupe around 8k I'd say miles. I took it into the dealer here in SoCal and they diagnosed it. They said new brake pads were in order. Great, since I know these are high-performance brakes and getting them changed is always a plus. I went around another 1,000 miles before the squeal came back on the new pads." (April 4, 2014)

- "I've got a 2013 M5, and the brakes squeal pretty loudly under normal braking conditions, only after they are warm, and only when I'm below about 15mph and coming to a stop. No squeal during aggressive braking at any speed, and no squeal when brakes are cold. BMW dealer says this is normal and expected of 'high performance M brakes' but it's really annoying. So, I'm curious if anyone has pressed the issue and gotten a better answer anywhere?" (December 30, 2014)

- "I currently have about 7,600 miles on my 2014 M6 Coupe. About 200+ miles ago I started to hear the low-level brake squealing as I slowed to about 10-15 mph before coming to a complete stop at a stop light or stop sign. It certainly makes me rather self-conscious…" (March 18, 2014)

- "I bought my M4 used at roughly around 3k miles and I didn't have much selection and the car had CCB on it. I decided that they look nice and why not give it a try. After using the car for a while, I understood that CCBs have many cons such as: Very noisy, very bad at low temperature (almost learnt this one in the hard way), 1 second latency at heavy rain autobahn drive and most of all super costly at track." (October 11, 2018)

26.     Apart from demonstrating how widespread the defect is, most of the online complaints demonstrate that ordinary consumers were not informed, nor did they expect for their vehicles to produce a loud squealing noise when braking. The online complaints also demonstrate how the defect affects the use and enjoyment of the Class Vehicles and the annoyance that the defect causes to a reasonable person that purchased or leased a Class Vehicle. Some of the complaints demonstrate that BMW has offered a remedy to consumers who have complained more than others:

- [BMW M6] Very squeaky, loud brakes at low speeds: I am in Chicago and it has been pretty cold for the past week. Dealer tells me it is quite common right now and there is nothing they can do…it is a result of the cold weather. Anyone else?

- Yes I have the same thing under 15mpg coming to a stop from my front left brake. It's annoying.

CLASS ACTION COMPLAINT

- Same for me…embarrassing!

- Yes, same thing is happening with mine. As others stated, it is very embarrassing. I asked dealer and was told that because of the heavy amount of brake dust and the size of the brakes, there is nothing that be done except to brake later!???? Between the squeaks from the seats and the brakes, and rattles crackling from the speakers, I have to say that these little issues are starting to cause me to sour on the car a bit.

- I got the same response from the dealer again today. They said BMW engineers told them that it is normal for high performance brakes to squeal and for me to brake harder. So, I told the dealer, if this is your response, you just lost a customer. As soon as I said that, I got a call from the dealer telling me they will escalate and to have new brakes ordered but it has to be approved by BMW USA. I told them, do what you have to do because I will not take 'it is normal' for an answer. I said, if this is normal, you should document it in the owner's manual and also add it to the Monroney sticker so that an unsuspecting buyer will know beforehand to expect squealing brakes before plunking down $126k for a car. A few minutes later, dealer calls again and tells me BMW USA approved the request to order a new set of brakes. Total cost is about $5k. If they know how to treat their customers right, $5k is chump change.

27.    Plaintiff also complains about the amount of negative attention the noise from Subject Brakes attracts while driving in crowded streets within city limits. Additionally, the defect draws the attention of officers of law enforcement agencies, who associate brake squeals with high-speed driving and racing.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

28.    This action has been brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and Civil Code § 1781 and other applicable laws on behalf of himself and a class as defined as follows:

(1) California Class: The Class that Plaintiff seeks to represent ("California Class") consists of all persons and entities who purchased or leased, or will purchase or lease, a Subject Vehicle in California, on or after the date Defendant placed the Subject Vehicles into the stream of commerce (the Class specifically does not include any claims seeking damages for personal injuries or property damage resulting from defects as alleged herein). Excluded from the Class

are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(2) <u>National Class</u>: The Class that Plaintiff seeks to represent ("National Class") is defined to include all persons and entities within the United States who purchased or leased, or will purchase or lease, a Subject Vehicle, on or after Defendant placed the Subject Vehicles into the stream of commerce (the Class specifically does not include any claims seeking damages for personal injuries or property damage resulting from defects as alleged herein). Excluded from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of such person. Also excluded is any trial judge who may preside over this case.

29. There is a well-defined community of interest in the litigation, and the proposed class is ascertainable.

(1) <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all class members and predominate over any questions that effect only individual members of the class, if there are any individual questions. The common questions of law and fact include, but are not limited to:

    a.  Whether the Subject Vehicles were designed, manufactured, sold, and/or otherwise equipped with brake systems that were poor, weak, or inferior in design and/or otherwise defective;

    b.  Whether Defendants knew of the defective nature of the brake systems on the Subject Vehicles;

    c.  Whether Defendants violated California consumer protection statutes;

    d.  Whether Defendants breached its express warranties;

    e.  Whether Defendants breached its implied warranties;

    f.  Whether Defendants' brake systems on the Subject Vehicles contained an inherent design and/or manufacturing defect;

CLASS ACTION COMPLAINT

g.  Whether the defect in the brake systems on the Subject Vehicles caused and/or contributed to the loud squealing brake noise when used for their intended purpose (driving);

h.  Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers, by either failing to disclose the existence of an inherent defect or misrepresenting that the Subject Vehicles contained no defects;

i.  Whether Defendants failed to adequately warn and/or notify class members and the general public regarding the defects of the brake systems on the Subject Vehicles causing loud squealing noises due to their inherent design or defect as described herein;

j.  Whether Defendants have failed to notify all Subject Vehicle owners or lessees of the defect here at issue and repair or correct (or offer to repair or correct) all defective brake systems on the Subject Vehicles at no cost to the owners or lessees of the Subject Vehicles:

k.  Whether Defendants are obligated to inform the Class of their right to obtain, free of charge, repair, and replacement of the defective components of the defective brake system on the Subject Vehicles;

l.  Whether Defendants adequately informed Dealers of the remedies to the design or defect as described herein;

m.  Whether Defendants are required to provide the New Motor Vehicle Board with a copy of BMW's Service Bulletin(s), if any, concerning the remedies to the design or defect as described herein (or the information contained in the bulletin(s)) so that the public could have access to it;

n.  The nature and extent of Defendant's implied warranty of merchantability for the brake system;

o.  Whether BMW's warranty to repair defects in the Subject Vehicles was part of the basis of the bargain as between BMW and members of the Class;

p.  Whether the presence of the defective brake systems in the Subject Vehicles is an

unlawful, unfair, and/or "fraudulent" business act or practice within the meaning of the Business and Professions Code §§ 17200 *et seq.*;

q. Whether Defendants concealed from and/or failed to disclose to Plaintiff and the Class the true defective nature of the brake systems;

r. Whether Defendants had a duty to Plaintiff and the Class to disclose the defective nature of the brake systems;

s. Whether the facts concealed and/or otherwise not disclosed by Defendants to Plaintiff and the Class are material facts;

t. Whether Defendants knew that the brake systems are defective and would result in a loud squealing noise meaning that the Subject Vehicles were not suitable for use as passenger vehicles and otherwise are not as warranted and represented by Defendants;

u. Whether Defendants knew or reasonably should have known about these inherent defect(s);

v. When Defendants learned of this inherent defect;

w. Whether Defendants continued to lease/sell the Subject Vehicles with the defective brake systems as alleged herein despite its knowledge and/or reckless or negligent disregard of this inherent defect;

x. Whether the Class Members are entitled to damages in terms of cost of replacement (or repair) of the defective brake systems on the Subject Vehicles and any out-of-pocket expenses incurred in connection therewith, and if so, the nature and amount of such damages;

y. Whether Plaintiff and the Class are entitled to recover damages and the proper measure of damages;

z. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to restitution;

aa. Whether Plaintiff and the Class are entitled to declaratory relief sought herein;

bb. Whether Plaintiff and the Class are entitled to injunctive relief sought herein;

cc. Whether Plaintiff and the Class are entitled to punitive damages and, if so, the amount of

such exemplary damages;

dd.  Whether the defective brake systems caused the amount paid for the purchase or lease of the Subject Vehicles to be less than the fair market value of those vehicles; and

ee.  Whether there is a difference between the fair market value of the Subject Vehicles and the actual value of those vehicles given the presence of the defective brake systems.

(2) <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the Class Members sustained the same types of damages and losses.

(3) <u>Numerosity and Ascertainability</u>: The Classes are so numerous, thousands of persons, that individual joinder of all class members is impractical under the circumstances. The class members can be ascertained by, among other things, lease/sales records, and by responses to methods of class notice permitted by law.

(4) <u>Adequacy</u>: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the Class. The interests of the Plaintiff are coincident with, and not antagonistic to, those other members of the Class. Plaintiff have retained attorneys who are experienced in class action litigation. Plaintiff will fairly and adequately represent and protect the interest of the Plaintiff Class. Plaintiff is an adequate representative of the Class, as he does not have interests that are adverse to the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and have retained counsel who are competent and experienced in handling complex and class action litigation on behalf of consumers.

(5) <u>Superiority and Substantial Benefit</u>: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by

-12-

CLASS ACTION COMPLAINT

contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## FACTS COMMON TO ALL CAUSES OF ACTION

30.    BMW develops, designs, manufactures, markets, advertises, distributes, and sells various models of vehicles, including the Subject Vehicles identified herein that were manufactured and/or equipped with Subject Brakes.

31.    Plaintiff is informed and believes and based thereon alleges the Subject Vehicles contain a brake system comprised of defective components resulting in the loud squealing noise.

32.    The particular brake system in the Subject Vehicles for the corresponding model years, are and always have been defective, which, among other things, causes the loud squealing noise, substantially affecting the use, value, and enjoyment of the Subject Vehicles. The model and years are:

- 2020-2021 BMW M8 Grand Coupe;
- 2020 BMW M8 Coupe;
- 2020 BMW M8 Convertible;
- 2013-2019 BMW M6 Coupe;
- 2013-2019 BMW M6 Convertible;
- 2013-2019 BMW M6 Grand Coupe;
- 2013-2021 BMW M5;
- 2014-2021 BMW M4 Coupe;
- 2014-2021 BMW M4 Convertible;
- 2014-2021 BMW M3;
- 2014-2019 BMW X5M; and
- 2015-2019 BMW X6M.

33.    As a part of BMW's advertising campaign, through its controlled dealership network, BMW distributed to the class members numerous pamphlets, brochures, and specification sheets which emphasized

-13-

or focused on the quality and safety of the Subject Vehicles here at issue.

34.    The written materials distributed and disseminated by Defendants in their advertising campaign(s) created express warranties as to the reliability, excellence, and safety of the Subject Vehicles at issue and that the components of such vehicles are free from inherent risk of failure, particularly with regard to use and safety. Such warranty was breached by the existence of the defect in the Subject Vehicles at issue and BMW's failure to warn consumers of its existence.

35.    These advertisements, due to the national scope and extent of Defendant's multi-media campaign, were uniformly made to all members of the class. Class members' acts of leasing and/or purchasing the Subject Vehicles were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue.

36.    Plaintiff is informed and believes and based thereon alleges that the loud squealing noise generated by the brake system on the Subject Vehicle is due, in part, to the defective brake components installed on the Subject Vehicles.

37.    At all relevant times, BMW has been aware of the herein described defect in the brake system on the Subject Vehicles and has consciously disregarded the rights and safety of Plaintiff, members of the Class, and the general public in that numerous complaints about the loud squealing noise and defective brake system in the Subject Vehicles have been lodged with BMW. Despite said knowledge, BMW, however, has failed to notify owners and lessees of the Subject Vehicles of the defects associated with their continued operation as alleged herein.

38.    At all relevant times, BMW has not fully disclosed to purchasers or lessees of the Subject Vehicles, information regarding the high incidence of the loud squealing noise generated by the brakes of the Subject Vehicles as detailed herein, nor has it disclosed the true facts that BMW either knew or recklessly or negligently disregarded the existence and reasons for this inherent defect for years.

39.    Plaintiff is further informed and believes and based thereon alleges that in not correcting or warning of this defect, BMW has violated its own internal procedures, which require prompt investigation and thorough analysis of all potential defects and notification to vehicle owners and lessees describing the defect, as well as instructions relating to the correction of the defect if a defect is determined to exist.

40.    Defendant's conduct, as fully described herein, is in violation of California Civil Code § 1795.90

CLASS ACTION COMPLAINT

*et seq.* (California's Secret Warranty Law) which was enacted to abolish "secret" warranties and practices as alleged herein. The term "secret warranty" is used herein to describe the practice by which an automaker, such as Defendant BMW, establishes a policy to pay for the repair of that defect without making the defect or the policy known to the public at large. A secret warranty is usually created when the automaker, such as BMW, realizes that a large number of its customers are experiencing a defect not otherwise covered by a factory warranty, and decides to offer warranty coverage to individual customers only if the customer complains about the problem first. The warranty is therefore considered "secret" because owners are not notified of it. Instead, the automaker usually issues a service bulletin to its regional officers and/or dealers on how to deal with the defect. Because owners are kept in the dark about the cost-free repair, the automaker only has to reimburse those customers who complain loudly enough. The quiet consumer instead pays to fix the defect his or himself.

41.    Section 1795.92 of the California Secret Warranty Law imposes several duties on automakers, including BMW, each of which is designed to do away with secret warranties.

42.    Specifically, the California Secret Warranty Law requires automakers to notify all eligible owners and lessees ("consumers") by first class mail, within 90 days of adoption, whenever they enact "any program or policy that expands or extends the consumer's warranty beyond its stated limit or under which [the] manufacturer offers to pay for all or any part of the cost of repairing, or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle durability, reliability, or performance[.]"

43.    The California Secret Warranty Law also requires automakers, including BMW, to provide the New Motor Vehicle Board with a copy of the notice described in the preceding paragraph, so the public can view, inspect, or copy that notice.

44.    Additionally, the California Secret Warranty Law requires automakers, including BMW, to advise their dealers, in writing, of the terms and conditions of any warranty extension, adjustment, or reimbursement program.

45.    The California Secret Warranty Law also requires an automaker, such as BMW, to "implement procedures to assure reimbursement of each consumer eligible under and adjustment program who incurs expenses for repair of a condition subject to the program prior to acquiring knowledge of the program."

46.   Plaintiff is informed and believes and based thereon alleges that BMW has, when the customers have complained loudly enough, offered to pay for all or any part of the cost of defective brake replacement or repair for the Subject Vehicles and therefore, BMW is obligated to comply with the provisions of the California Secret Warranty Law, but has not done so. Moreover, by extending its new car warranty to cover brake system replacement or repair to some customers and not others, BMW has expanded or extended the consumer's express warranty beyond its stated limit.

47.   Specifically, BMW did not notify Plaintiff, or any other owner or lessee, of a Subject Vehicle of their right to seek a free repair, replacement, or retrofit of the brake system, or to be reimbursed for the cost of repairing the brake system in these vehicles.

48.   It was only after a class vehicle owners or lessors complained vehemently that BMW made efforts to repair Subject Vehicle's brake system or replace it during each complaint thereof.

49.   BMW, by and through its authorized dealerships, engaged in a nationwide conspiracy to cover up the Subject Vehicles' brake defect by systematically refusing to document visits by Plaintiff and other Class Members with the subject complaint.

50.   By failing to document these visits and provide repair orders BMW systematically deprived Plaintiff and other Class Members of their lemon law rights by distorting the Subject Vehicles' repair histories.

51.   At all times relevant, Plaintiff is informed and believes and based thereon allege that BMW has not, and did not, comply with the dealer notification provisions of the California Secret Warranty Law, nor has BMW sent a copy of a Service Bulletin to the New Motor Vehicle Board.

52.   At all times relevant, Plaintiff is informed and believes and based thereon alleges that BMW has refused to provide the free repair, replacement, or retrofitting of the brake system to owners of the affected vehicles and has refused to reimburse consumers who have paid to have the brake systems repaired in their vehicles except for some who complained enough.

53.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly situated.

54.   The defective brake system on the Subject Vehicles has resulted, and will continue to result, in significant loss and damage to the class members, including but not limited to, diminished use and reduced

fair market value.

55.    Despite the Defendants' express representations that the Subject Vehicles would likely retain their value at a rate higher than competing vehicles and that the vehicles are "reliable," this has simply not occurred. As a result of the problems with the Subject Vehicles as described herein and the extremely loud brake squeal noise, the value of the Subject Vehicles has been significantly diminished. On the Internet and in other media outlets, hundreds of people have reported the problems they have experienced with their vehicles. There is little doubt that these reports have seriously diminished the resale value of the Subject Vehicles. Given the high value and the luxury status of Subject Vehicles, the fact that these vehicles produce extremely loud squealing noises when braking under normal conditions diminishes the value of the vehicles more than the same problems would in lower valued vehicles.

56.    This action seeks financial compensation for members of the Class in connection with their purchase of the Subject Vehicles. Plaintiff does not seek: (i) damages for personal, bodily, or emotional injury or wrongful death; or (ii) damages for becoming subject to liability or legal proceedings by others.

## TOLLING OF STATUTE OF LIMITATIONS

57.    Any applicable statutes of limitation have been equitably tolled by BMW's affirmative acts of fraudulent concealment, suppression, and denial of the facts alleged herein.  Such acts of fraudulent concealment include but are not limited to intentionally covering up and refusing to publicly disclose critical internal memoranda, design plans, studies, Notices of Action, Problem Detail Reports and other reports of failure and injury, as well as affirmative misrepresentations made to NHTSA and people who called or otherwise contacted BMW attempting to identify and resolve this defect. Through such acts of fraudulent concealment, BMW was able to actively conceal from the public for years the truth about the defective design and manufacture of the brake system on the Subject Vehicles, thereby tolling the running of any applicable statute of limitations.

58.    Defendants are estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein, concerning the brake system on the Subject Vehicles. Defendants were at all times aware of the true nature of the defects as described herein but at all times continued to manufacture and market the Subject Vehicles despite this

knowledge.

## FIRST CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
*(Against All Defendants)*

59.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

60.    BMW's written representations in the warranty manual(s), sale brochures, pamphlets, and other writings disseminated by BMW in the promotion, marketing, and sales of the Subject Vehicles constitutes an express warranty and/or warranties to Plaintiff and the Class Members.

61.    BMW's advertising campaign(s) focused on its vehicles being free of defects, including but not limited to, the Subject Vehicles being "truly exceptional," "biggest, fastest, most fuel-efficient car in its class," "named one of the '10 Best Engines'," "dialed to perfection," "equipped to deliver flawlessly," and "Best in Test" as printed in their product brochures, pamphlets, and media, and which focused on excellence, reliability, and safety of these vehicles. As such, BMW expressly warranted that such vehicles were free from inherent and latent defects.

62.    For each of the Subject Vehicles at issue, BMW issued a standardized express written warranty which covers the base vehicle, including without limitation, the brake system, and warranted that the vehicles were free of defects. Applying any BMW warranty limitation period to avoid the need to repair this particular defect would be unconscionable in that, *inter alia*, the vehicles at issue contain an inherent latent defect which could arise at any time, the defect was already present at the time of delivery, BMW was either aware of or consciously and/or recklessly disregarded this defect which could not be discovered by Plaintiff and members of the class at the time of such purchase or lease, and purchasers or lessees lacked any meaningful choice with respect to the warranty terms.

63.    Defendants have and continue to breach said express warranties in the following ways, among others as follows:

(1) At the time of manufacture and lease/sale of the Subject Vehicles, there existed an inherent, latent defect in the brake system;

(2) The brake system on the Subject Vehicles was not free from defects;

(3) The brake system on the Subject Vehicles was and is at all relevant times defective;

(4) BMW has refused to take responsibility for the defective brake system on the Subject Vehicles, denying all liability or even the existence of the defect as described herein;

(5) BMW has engaged in a nationwide conspiracy to cover up the Subject Vehicles' brake noise defect by systematically refusing to document visits by Plaintiff and other Class Members to authorized dealerships with the subject complaint;

(6) By failing to document these visits and provide repair orders, BMW has systematically deprived Plaintiff and other Class Members of their lemon law rights by distorting the Subject Vehicles' repair histories; and

(7) The brake system is not "a long-life design, with brake pads expected to last 2-3 times longer than conventional pads and rotors (discs) expected to last 3-4 times longer than conventional counterparts" as represented by BMW since the brake systems were defective at the time of manufacture, sale, and delivery to Plaintiff and others similarly situated and they were making an unreasonably loud squealing noise which forced Plaintiff and others similarly situated to have the brakes of the vehicles repaired or replaced much more frequently than conventional counterparts.

(8) Subject Vehicles do not "make stunning impression on the track and on the road" as represented by BMW since the defective brake systems make an unreasonably loud squealing noise when braking which causes an impression of the subject vehicles being dangerous and demonstrates that the subject vehicles are defective.

64.    Plaintiff BEZIRGANYAN provided initial notice to Defendant BMW of their breach as alleged herein on December 2, 2020.

65.    To date Defendants have failed to remedy their breach pursuant to Plaintiff's notices.

66.    As a result of Defendants' breach of express warranties as set forth above, Plaintiff and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

BREACH OF IMPLIED WARRANTY

*(Against All Defendants)*

67.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

68.     The Subject Vehicles are manufactured goods and at all times relevant, Defendant manufactured, sold, and placed these products into the stream of commerce.

69.     The transactions by which the members of the Class purchased the Subject Vehicles were transactions for the sale of goods and at all times relevant, Defendant BMW was in the business of manufacturing, selling, and/or distributing these goods for sale throughout the United States, including California.

70.     The presence of the defect in the Subject Vehicles purchased by the Nationwide Class substantially impairs the use and value of those goods. Moreover, the defects in the Subject Vehicles render them non-conforming goods and/or were not the same quality as those generally accepted in the trade, were not fit for the ordinary purposes for which the goods were used, were of poor or below average quality within the description, and/or did not conform to the affirmations of fact made by BMW in its labeling, product inserts, and/or warranty materials it provided along with the lease/sale of the Subject Vehicles.

71.     The defective brake system makes the Subject Vehicles unfit for the ordinary purposes for which the Vehicles are to be used and at all times relevant, BMW has failed and refused to repair the defects in the brake system of the Subject Vehicles and has failed and refused to do so at no charge to the class members.

72.     Upon discovering the latent defects in the defective brake system on the Subject Vehicles, Plaintiff took reasonable steps to notify Defendant BMW within a reasonable time that the product did not have the expected quality and contained the defects as alleged herein.

73.     As a direct and proximate result of the foregoing, Plaintiff and all other class members sustained significant loss and damage, including but not limited to, a reduction in fair market value and they did not receive the benefit of their bargain.

### THIRD CAUSE OF ACTION

BREACH OF WARRANTY

SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE § 1790 *ET SEQ.*

*(Against All Defendants)*

74.     Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Class Action Complaint for Damages. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

75.     Plaintiff and other Class Members who purchased the Subject Vehicles in California are "buyers" within the meaning of California Civil Code § 1791(b).

76.     The Subject Vehicles are "consumer goods" within the meaning of California Civil Code § 1791(a).

77.     Defendant is a "manufacturer" within the meaning of California Civil Code § 179.

78.     Defendant made express warranties to Plaintiff and the other Class Members within the meaning of California Civil Code §§ 1791.2 and 1793.2, as described above.

79.     Defendant breached these warranties by selling the Subject Vehicles with the defect, requiring repair or replacement within the applicable warranty period, and refusing to honor the warranties by providing free repairs or replacements during the applicable warranty periods.

80.     As alleged above, the terms of Defendant's express warranty are both substantively and procedurally unconscionable. Defendant's attempt to disclaim or limit these express warranties is unconscionable and unenforceable because it knowingly sold a defective product without informing consumers about the defect.

81.     The time limits contained in Defendant's warranty period are also unconscionable and inadequate to protect Plaintiff and the Class Members. Among other things, Plaintiff and Class Members had no meaningful choice in determining these time limitations, the terms of which unreasonable favor Defendant. A gross disparity of bargaining power existed between Defendant and Plaintiff and Class Members and Defendant knew or should have known that the Subject Vehicles brake systems were defective at the time if sale and would fail well before the end of their useful lives.

82.     Defendant did not promptly replace or repair the defective brake systems.

83.     As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and

-21-

the other Class Members received goods whose condition substantially impairs their value to Plaintiff and the other Class Members. Plaintiff and the other Class Members have been damaged as a result of, *inter alia,* the diminished value of Defendant's products, the products' malfunctioning, and actual and potential increased maintenance and repair costs.

84.    Pursuant to California Civil Code §§ 1793.2 and 1794, Plaintiff and the other Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of the Subject Vehicles brake systems, or the overpayment or diminution in value of these devices.

85.    Pursuant to California Civil Code § 1794, Plaintiffs and the other Class Members are entitled to costs and attorney fees.

## FOURTH CAUSE OF ACTION

BREACH OF WARRANTY

MAGNUSON-MOSS WARRANTY ACT, 15 U. S. C. § 2301 ET SEQ.

*(Against All Defendants)*

86.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

87.    The Subject Vehicles and respective brake systems on the Subject Vehicles are "consumer products" as that term is defined by 15 U.S.C. § 2301(1).

88.    Plaintiff and Class Members are "consumers" as that term is defined by 15 U.S.C. § 2301(3).

89.    BMW is a "supplier" as that term is defined by 15 U.S.C. § 2301(4).

90.    BMW is a "warrantor" as that term is defined by 15 U.S.C. § 2301(5).

91.    BMW provided Plaintiff and Class Members with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

92.    Section 15 U.S.C. § 2310(d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state or in an appropriate District Court of the United States.

93.    BMW's written representations in the warranty manual(s), sales brochures, pamphlets, and other

-22-

CLASS ACTION COMPLAINT

writings disseminated by BMW in the advertising, promotion, marketing and sales of the Subject Vehicles constitute an express warranty and/or warranties to Plaintiff and others similarly situated.

94.    BMW's statements made in its advertising, promotion, marketing, and sales of the Subject Vehicles, and by operation of law, constitute implied warranties that these vehicles are merchantable and fit for their intended purpose.

95.    BMW breached these written and implied warranties as described in the allegations herein, with respect to the brake systems of the Class Vehicles by failing to acknowledge that Plaintiff's brakes and those of other Class Members were defective and eligible to be replaced under BMW's written and implied warranties.

96.    By BMW's conduct described and alleged herein, including BMW's knowledge that the brake systems of the Class Vehicles were abnormally degraded or otherwise defective, BMW has failed to comply with its obligations under their written and implied promises, warranties, and representations.

97.    In its capacity as a warrantor, and by the conduct and allegations described herein, any attempts by BMW to limit the implied warranties in a manner that would exclude coverage is unconscionable and any such effort to disclaim, or otherwise limit liability is null and void.

98.    The transactions by which Plaintiff and the putative class members purchased the Affected Vehicles were transactions for the sale of goods and at all times relevant, BMW was the seller of the Affected Vehicles and placed these products into the stream of commerce throughout the United States, including California. At all times relevant, BMW maintained showroom stores and vehicle service centers in California.

99.    The Class Vehicles came with an implied warranty that any parts thereof were merchantable, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description, and/or conformed to the affirmations of fact made by BMW.

100.    The Class Vehicles, however, were non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description and/or did not conform to affirmations of fact disseminated by BMW.

101.    As a direct and proximate result of the foregoing, Plaintiff and the putative class members sustained loss and damage and did not receive the benefit of their bargain.

102.    All jurisdictional prerequisites have been satisfied.

103.    Plaintiff and the other Class members are in privity with BMW in that they purchased the Class Vehicles from BMW or its agents.

104.    As a result of BMW's breach of warranties, Plaintiff and the other Class Members are entitled to revoke their acceptance of the Class Vehicles, obtain damages and equitable relief, and obtain costs pursuant to 15 U.S.C. § 2310.

**FIFTH CAUSE OF ACTION**

VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT

CIVIL CODE § 1750 ET SEQ.

*(Against All Defendants)*

105.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

106.    The Subject Vehicles are "goods" within the meaning of Civil Code § 1761(a).

107.    Defendants are "persons" as defined by Civil Code § 1761(c).

108.    Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

109.    The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

110.    Defendants have violated the CLRA in at least the following respects:

(1) In violation of Civil Code § 1770(a)(5), Defendants have represented that the Subject Vehicles have characteristics and benefits that they do not have;

(2) In violation of Civil Code § 1770(a)(7), Defendants have represented that the Subject Vehicles are of a particular standard, quality, or grade when they are not;

(3) In violation of Civil Code § 1770(a)(9), Defendants have advertised the Subject Vehicles without an intent to sell them as advertised;

(4) In violation of Civil Code § 1770(a)(14), Defendants have misrepresented that a transaction confers or involves legal rights, obligations, or remedies of Plaintiff and other members of the Class concerning the Subject Vehicles when they were not;

-24-

(5) In violation of Civil Code § 1770(a)(18), Defendants have represented that the Subject Vehicles were supplied in accordance with previous representations when they were not; and

(6) In violation of Civil Code § 1770(a)(19), Defendants unlawfully inserted an unconscionable provision in the contract to purchase or lease the Subject Vehicles here at issue by inserting into such contracts provisions where the consumers purport to waive a right or benefit provided by law to obtain a repair or a retrofit of an inherent defect without a clear statement and consent to such provisions.

111.    As set forth above, BMW's representations that the Subject Brake system is "a long-life design, with brake pads expected to last 2-3 times longer than conventional pads and rotors (discs) expected to last 3-4 times longer than conventional counterparts" and BMW's representations that Subject Vehicles "Make stunning impression on the track and on the road" as printed in their product brochures, pamphlets and media concerning the Subject Vehicles sold to Plaintiff and others similarly situated are misrepresentations and/or concealments of material facts that constitute unfair, deceptive, and misleading business practices in violation of Civil Code § 1770(a).

112.    Defendants' deceptive acts alleged herein occurred in the course of selling a consumer product and Defendants have done so continuously through the filing of this Complaint.

113.    As a direct and proximate result of Defendants violation of Civil Code § 1770 *et seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seek damages and all other relief allowable under the CLRA.

114.    Defendants' wrongful conduct, as set forth above, was willful, oppressive, and malicious. Accordingly, Plaintiff, and others similarly situated, seek punitive damages against Defendants in an amount to deter Defendants from similar conduct in the future.

115.    Pursuant to Civil Code § 1782, Plaintiff provided notice to Defendants at least thirty days prior to filing this action for damages.

116.    Defendants failed to make the showing required by Civil Code § 1782(c).

117.    As a result, Plaintiff seeks actual and punitive damages for violation of the CLRA. In addition, pursuant to Civil Code § 1782(a)(2), Plaintiff and members of the class are entitled to an order enjoining the

-25-

above-described wrongful acts and practices of Defendants, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under Civil Code § 1780.

## SIXTH CAUSE OF ACTION

VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.
*(Against All Defendants)*

118.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

119.    Plaintiff brings this claim on behalf of himself and others similarly situated in his representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue, and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

120.    Plaintiff asserts these claims as they are representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq.*

121.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute unlawful, unfair, and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

122.    The acts, omissions, misrepresentations, practices, non-disclosures, and/or concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in California.

123.    As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiff and others similarly situated who leased/purchased the Subject Vehicles.

124.    Defendants aggressively promoted and advertised their Subject Vehicles in an unlawful, unfair, fraudulent, untrue, and/or deceptive manner that is and was likely to deceive the public.

125. Defendants falsely advised class members that the non-conformities exhibited by the Subject Vehicles as outlined herein were in fact normal and did not constitute a defect.

126. Defendants actively engaged in a custom and practice of encouraging failure to and/or failing to document complaints by class members regarding the non-conformities exhibited by the Subject Vehicles as outlined herein.

127. Defendants' misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave these Defendants an unfair competitive advantage over their competitors.

128. Defendants' conduct constitutes unfair acts or practices conducted in the course of Defendants' respective businesses and thereby constitutes violations of California Business and Professions Code § 17200 *et seq.* Defendants' conduct and intent to widely market the Subject Vehicles to California consumers involved false and misleading advertising. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

129. Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining BMW from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL. Plaintiff also seeks an order requiring BMW to comply with the terms of the California Secret Warranty Law by (a) notifying Class Members of the defective brake warranty; (b) providing free installation of the re-designed brakes to Class Members, (c) notifying dealers of the facts underlying the brake problem and the terms of the brake warranty, (d) notifying the New Motor Vehicle Board of the brake warranty; and (e) identifying and reimbursing Class Members who have paid for brake repairs (including the re-designed brake) to be installed. Plaintiff also seeks an order (i) enjoining BMW from failing and refusing to make full restitution of all moneys wrongfully obtained; and (ii) disgorging all ill-gotten revenues and/or profits earned or retained as a result of BMW's violations of the California Secret Warranty Law.

130. As set forth, above, BMW has violated the California Secret Warranty Law. As a direct and proximate result of BMW's conduct, BMW obtained secret profits by which it became unjustly enriched at Plaintiff' and the Class members' expense.

131. Accordingly, Plaintiff seeks an order establishing BMW as a constructive trustee of the secret profits that served to unjustly enrich BMW, together with interest during the period in which BMW has

-27-

retained such funds and requiring BMW to disgorge those funds in a manner to be determined by the Court.

132.    In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

133.    Defendants' conduct, as fully described herein, constitutes acts of untrue and misleading advertising and are, by definition, violations of California Business and Professions Code § 17200 *et seq.*

134.    The unlawful, unfair, deceptive, and/or fraudulent business practices and/or false and misleading advertising of Defendants, as fully described herein, present a continuing threat to members of the public to be injured by the Subject Vehicles equipped with the defective brake systems as alleged herein.

## SEVENTH CAUSE OF ACTION

NUISANCE

*(Against All Defendants)*

135.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

136.    BMW permitted and continues to permit, by distributing and selling the Subject Brakes, a condition to exist that is offensive to the senses of the owners and an obstruction to the free use of the Class Vehicles, so as to interfere with the comfortable use and enjoyment of their vehicles.

137.    The condition interfered and continues to interfere with the use and enjoyment of Class Vehicles by their owners and lessors.

138.    Plaintiff and the remaining Class Members did not consent to the defective condition for the simple reason that the defective condition was never properly disclosed.

139.    An ordinary person would be reasonably annoyed or disturbed by the loud squealing noise coming from the brakes when driving at slow speeds.

140.    All Class Members that have the Ceramic Brakes have been harmed, regardless of whether they complained of the noise to BMW authorized dealerships or not.

141.    The seriousness of the harm outweighs the public benefit of BMW's conduct since a simple disclosure of the loud squealing noise by BMW would have been enough to allow prospective buyers and lessors to make an informed decision.

**PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and also on behalf of the general public, pray for judgment against all Defendants as follows:

A. An order certifying the case as a class action and appointing Plaintiff and their counsel to represent the Class;

B. For actual damages;

C. For statutory damages in an amount of not less than \$1,000 per Plaintiff or Class Member pursuant to California Civil Code § 1780(a)(1);

D. For restitution as appropriate;

E. For statutory pre-judgment interest;

F. For punitive damages in an amount to deter Defendants from similar conduct in the future;

G. For any additional and consequential damages suffered by Plaintiff and the Class;

H. For reasonable attorneys' fees and the costs of this action;

I. For declaratory and/or equitable relief under the causes of action stated herein; and

J. For such other relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all of the claims so triable.


Dated this 25th day of January 2021.          THE MARGARIAN LAW FIRM

801 North Brand Boulevard, Suite 210
Glendale, California 91203

By: _Hovanes Margarian_
Hovanes Margarian, Esq.
Attorney for Plaintiff,
and all others similarly situated.

CLASS ACTION COMPLAINT

## DECLARATION OF HOVANES MARGARIAN

## PURSUANT TO CIVIL CODE § 1780(d)

I, HOVANES MARGARIAN, declare as follows:

I am an attorney at law duly licensed to practice before all courts of the State of California, and am the lead counsel at The Margarian Law Firm, and one of the counsel of record for Plaintiff, JERAR KARSYAN, in the above-captioned matter. I have personal knowledge of the matters set forth below and if called upon as a witness could and would competently testify thereto.

I am informed and believe that venue is proper in this court pursuant to Civil Code § 1780(d) based on the following facts:

Defendants have performed transactions at issue in this action, or have obtained financial benefit from such transactions, at all times relevant to this action, in Los Angeles County, California.

WHEREFORE, I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed this 25th day of January 2021 at Glendale, California.

THE MARGARIAN LAW FIRM
801 N. Brand Blvd., Suite 210
Glendale, CA 91203

By: _____
Hovanes Margarian, Esq.
Attorney for Plaintiff,
and all others similarly situated.

-31-

CLASS ACTION COMPLAINT